## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LARRY LOVEJOY, II,
          Appellant,

      v.

UNITED STATES POSTAL SERVICE,
          Agency.

DOCKET NUMBER
AT-0752-20-0633-I-1

DATE: February 5, 2025

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jennifer D. Isaacs</u>, Esquire, Atlanta, Georgia, for the appellant.

<u>Jason L. Hardy</u>, Esquire, Clearwater, Florida, for the agency.

<u>Ronald E. Jones</u>, Plano, Texas, for the agency.

### BEFORE

Cathy A. Harris, Chairman*
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

*The Board members voted on this decision before January 20, 2025.

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which sustained the agency's chapter 75 removal action based on the charge of unacceptable conduct. On petition for review, the appellant argues the following:

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

(1) the administrative judge abused his discretion by disallowing certain witness testimony; (2) the administrative judge made erroneous findings of material fact; (3) the penalty of removal was unreasonable under the circumstances; and (4) the administrative judge failed to consider his affirmative defenses. Petition for Review (PFR) File, Tab 2 at 13-17. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to vacate the administrative judge's discussion of affirmative defenses, we AFFIRM the initial decision.

The appellant's contention regarding his witnesses is unavailing.

The appellant argues that the administrative judge abused his discretion by "denying [him] the opportunity to present his witnesses." PFR File, Tab 2 at 13. To this end, he asserts that the administrative judge approved the testimony of only 10 of his 14 requested witnesses and "did not list reasons for the denial of [the 4 disallowed] witnesses, but approved all of the [a]gency's requested witnesses." *Id.* at 13-14. He also asserts that he unsuccessfully sought reconsideration of the administrative judge's ruling regarding one of his four disallowed witnesses. *Id.* at 13.

An administrative judge has broad discretion to regulate the course of the hearing and to exclude evidence and witnesses that have not been shown to be relevant, material, and nonrepetitious. *Thomas v. U.S. Postal Service*, 116 M.S.P.R. 453, ¶ 4 (2011); 5 C.F.R. § 1201.41(b)(8), (10). To obtain reversal of an initial decision on the basis of the exclusion of a witness, the appellant must show that a relevant witness or evidence, which could have affected the outcome, was disallowed. *See Thomas*, 116 M.S.P.R. 453, ¶ 4.

Here, although the appellant apparently disagreed with the administrative judge's admissibility rulings regarding all four of his disallowed witnesses, he admittedly only timely objected to the administrative judge's ruling regarding one of these witnesses; thus, we need only consider his arguments regarding this particular witness. Initial Appeal File (IAF), Tab 13 at 4-5; PFR File, Tab 2 at 13; *see Tarpley v. U.S. Postal Service*, 37 M.S.P.R. 579, 581 (1988) (stating that an appellant's failure to timely object to rulings on witnesses precludes the appellant from doing so on petition for review).[2] Regarding the anticipated testimony of this particular witness, the appellant proffers only that the individual had previously represented him and was present during his meeting with the deciding official and, therefore, would have testified "regarding these processes as well as to whether there had been any notification regarding some of the complaints against [the a]ppellant." PFR File, Tab 2 at 13. Given the vagueness of this proffer, we find that the appellant has failed to show that the administrative judge's disallowance of this witness could have affected the outcome of his appeal. *See Thomas*, 116 M.S.P.R. 453, ¶ 4; *see also Umshler v. Department of the Interior*, 44 M.S.P.R. 628, 632-33 (1990) (concluding that the

---

[2] We find, however, that even if the appellant had timely objected to the administrative judge's rulings regarding the three other disallowed witnesses, a different outcome would not be warranted. Indeed, the appellant's vague proffers regarding these three witnesses fail to identify any anticipated testimony that could be material to the outcome of his appeal. IAF, Tab 10 at 12, Tab 11 at 3; PFR File, Tab 2 at 13; *see Thomas*, 116 M.S.P.R. 453, ¶ 4.

administrative judge did not err in denying the appellant's requests for witnesses when the appellant's proffer regarding the witnesses was "not sufficiently specific" to allow the Board to conclude whether the administrative judge had abused her wide discretion). Thus, the appellant's assertions regarding his witnesses do not warrant a different outcome.

<u>The appellant's contentions regarding the administrative judge's findings of fact are unavailing.</u>

The appellant contends that the administrative judge made erroneous findings of material fact. PFR File, Tab 2 at 14-16. However, the only such factual finding that he discernably identifies is the administrative judge's conclusion that he lacked rehabilitative potential.[3] *Id.* at 15-16. He argues that this finding was the result of erroneous credibility determinations, i.e., the administrative judge "choosing to believe the [a]gency's narrative and ignore [the a]ppellant's testimony." *Id.* at 15. We find this assertion unavailing. Indeed, the Board must give deference to an administrative judge's credibility determinations when they are based, explicitly or implicitly, on the observation of the demeanor of witnesses testifying at a hearing. *Haebe v. Department of Justice*, 288 F.3d 1288, 1301 (Fed. Cir. 2002). Accordingly, the appellant's general disagreement with unspecified credibility determinations made by the administrative judge does not provide a basis to disturb the initial decision.

---

[3] The appellant asserts that he was not allowed to have a representative present during an investigative interview with his supervisor and that he was only provided with 2 hours of notice for the interview; however, he does not identify what bearing, if any, these alleged improprieties had on the administrative judge's factual findings. PFR File, Tab 2 at 16. In any event, the appellant did not discernably raise these claims before the administrative judge. *See Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (finding that the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence).

We discern no basis to disturb the administrative judge's conclusion that removal was reasonable under the circumstances.

The appellant contends that his removal was unwarranted under the circumstances. PFR File, Tab 2 at 14-16. To this end, he asserts that, in assessing the reasonableness of the agency's penalty, the administrative judge improperly deferred to the deciding official's determination and neglected to consider all of the mitigating factors/circumstances, including tension that existed in the office. *Id.* at 15-16. We disagree.

When the agency's charge is sustained, the Board will review an agency-imposed penalty only to determine if the agency considered all of the relevant factors and exercised discretion within tolerable limits of reasonableness. *Ellis v. Department of Defense*, 114 M.S.P.R. 407, ¶ 11 (2010); *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). In making this determination, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been properly exercised. *Ellis*, 114 M.S.P.R. 407, ¶ 11; *Douglas*, 5 M.S.P.R. at 306. The Board will modify an agency-imposed penalty only when it finds that the agency failed to weigh the relevant factors or the penalty clearly exceeds the bounds of reasonableness. *Ellis*, 114 M.S.P.R. 407, ¶ 11.

Here, we find that the administrative judge applied the proper legal standard and reasonably concluded that the agency's selected penalty of removal was not unwarranted under the circumstances and was within the tolerable bounds of reasonableness. IAF, Tab 17, Initial Decision (ID) at 12-15; *see Ellis*, 114 M.S.P.R. 407, ¶ 11. To this end, the administrative judge recounted the deciding official's testimony that he had taken into consideration the appellant's past performance and good performance ratings. ID at 13; *see Douglas*, 5 M.S.P.R. at 305-06. However, as set forth in the initial decision, the deciding

official reasonably concluded that removal was appropriate in light of, among other things, the appellant's supervisory status and the nature of his misconduct;[4] indeed, the deciding official explained that, given the nature of the appellant's conduct, which included "suggestions of unwelcomed physical contact," he had found "no comparative situations where a lesser penalty was warranted or provided." ID at 13-14. Thus, we discern no basis to disturb the administrative judge's conclusion that the penalty of removal was reasonable under the circumstances. *See Luongo v. Department of Justice*, 95 M.S.P.R. 643, ¶¶ 2-3, 16 (2004) (finding the appellant's removal appropriate when he placed his body against a coworker and made improper sexual remarks and innuendo), *aff'd*, 123 F. App'x 405 (Fed. Cir. 2005); *see also Alexander v. U.S. Postal Service*, 67 M.S.P.R. 183, 186-87, 191 (1995) (finding the appellant's removal appropriate when he exhibited a pattern of behavior involving both sexual harassment and exhibitionism).

<u>The appellant's contention regarding his affirmative defenses does not warrant a different outcome.</u>

The appellant argues that, although "inartfully pled," he nonetheless "clearly identified issues concerning retaliation and violations of due process," which the administrative judge failed to address. PFR File, Tab 2 at 16. He asserts that, although his attorney representative before the administrative judge never "clearly stated that [he] was raising an affirmative defense," his pleadings and testimony nonetheless indicated that he was claiming "retaliation and violations of due process." *Id.* The appellant does not cite to any specific

---

[4] The administrative judge here concluded that the agency proved by preponderant evidence 6 of its 7 specifications of unacceptable conduct, including a specification alleging that the appellant had repeatedly asked a female employee to touch him on an intimate area of his body as he was in a visible state of arousal. ID at 3-10; IAF, Tab 4 at 30-31.

pleadings wherein he raised such claims; rather, he refers generally to his "Pre-Hearing Submissions."[5] *Id.* at 17.

Contrary to the appellant's assertion, we find that his prehearing submissions did not raise claims regarding either retaliation or violation(s) of his due process rights. To this end, prior to the hearing, the appellant submitted four filings. IAF, Tabs 1, 10-11, 13. On his initial appeal form, the appellant checked a box indicating that he was challenging the agency's removal action; he did not provide any narrative argument or otherwise indicate that he was raising any affirmative defenses. IAF, Tab 1 at 7. Thereafter, the appellant filed his prehearing submission.[6] IAF, Tab 10 at 6-11. Although the appellant generally referenced a prior equal employment opportunity (EEO) matter that was resolved via a settlement agreement in this filing, *id.* at 7, the reference was not discernably tethered to a claim of reprisal for prior protected EEO activity. Similarly, apart from vague references to the appellant being unable to review the agency's documentation prior to its issuance of the notice of proposed removal, *id.* at 9, and an ambiguous statement regarding the agency's notice of proposed removal failing to provide "information about who was the alleged victim, when and where did alleged misconduct happened," *id.* (grammar as in original),[7] the

---

[5] In a section of his petition for review entitled "STATEMENT OF MATERIAL FACTS," the appellant cites to various documents, including documentation seemingly pertaining to two prior equal employment opportunity claims. *E.g.*, PFR File, Tab 2 at 6. Although unclear, we speculate that the appellant is citing to documents that the parties exchanged during discovery; however, these documents are not part of the record. This section of the appellant's petition also alludes to discrimination on the basis of race, color, and sex, as well as workplace harassment. *Id.* at 5-6. To the extent the appellant is either raising these additional claims for the first time or arguing that he raised these claims before the administrative judge, a different outcome is not warranted because he has not shown that he could not have raised these matters earlier or identified where in the record he timely raised these matters. *See, e.g.*, 5 C.F.R. § 1201.115(a)(2), (d).

[6] The appellant attached numerous documents to his prehearing submission, to include various witness statements. IAF, Tab 10 at 16-109.

[7] The basis of this statement was unclear; indeed, the record reflected, and the appellant conceded at the hearing, that the agency's notice of proposed removal, which the

appellant provided no argument conceivably tethered to anything resembling a due process argument. Indeed, the majority of the appellant's prehearing argument was devoted to (1) his contention that an October 2019 altercation that he had with a customer had impelled the agency's removal action and (2) the deciding official's alleged failure to independently verify and/or investigate the allegations made against him. *Id.* at 10-11. The appellant's remaining two filings before the administrative judge pertained to his proffered witnesses and did not discuss anything regarding affirmative defenses. IAF, Tabs 11, 13.

Following the appellant's submission of all four of these filings, the administrative judge issued a summary of the parties' prehearing conference wherein he summarized the material issues in the matter. IAF, Tab 14 at 2. The appellant did not object to or otherwise challenge the administrative judge's summary, which was devoid of any mention of affirmative defenses. *Id.* Thus, we find that the appellant, who was represented by counsel before the administrative judge, did not timely raise his claims of retaliation or due process violations. *See Nugent v. U.S. Postal Service*, 59 M.S.P.R. 444, 447-48 (1993) (stating that an appellant may raise a claim or defense at any time before the end of the conference held to define the issues in the case), *review dismissed*, 36 F.3d 1107 (Fed. Cir. 1994) (Table); *see also* 5 C.F.R. § 1201.24(b) (stating that an appellant may raise a claim or defense not included in the appeal at any time before the end of the conference(s) held to define the issues in the case and that thereafter may only raise a new claim or defense for good cause shown); *cf. Miles v. Department of Veterans Affairs*, 84 M.S.P.R. 418, ¶ 6 (1999) (explaining that the Board construes pro se pleadings liberally). Moreover, the appellant did not discernably identify or address his affirmative defenses during the hearing. IAF,

---

appellant stipulated to receiving, had provided all of this information. IAF, Tab 4 at 31-34, Tab 14 at 2, Tab 15, Hearing Recording at 01:28:22 to 01:30:01 (testimony of the appellant, file 4).

Tab 15, Hearing Recording.[8]  Thus, we find unavailing the appellant's assertion that the administrative judge failed to address his affirmative defenses.[9]

Accordingly, we affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[10]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file

---

[8] To the extent the appellant argues that the administrative judge precluded him from presenting his claims of retaliation and due process violations, PFR File, Tab 2 at 17, we find his assertion unavailing.  Indeed, apart from his assertions regarding his disallowed witnesses discussed above, the appellant does not identify any documentary evidence or testimony that the administrative judge disallowed.  *See Sanders v. Social Security Administration*, 114 M.S.P.R. 487, ¶ 10 (2010) (explaining that, to obtain reversal of an initial decision on the ground that the administrative judge abused his discretion in excluding evidence, the appellant must show on review that relevant evidence, which could have affected the outcome, was disallowed).

[9] Despite the appellant's failure to discernably raise any such claims, the administrative judge nonetheless briefly discussed a series of affirmative defenses in his initial decision; however, in so doing, he did not clearly explain the applicable legal standards. ID at 10-12.  Because we find that the appellant did not timely raise any affirmative defenses, we vacate this portion of the initial decision.

[10] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative receives this decision</u>. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[11] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

---

[11] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:        _____
                      Gina K. Grippando
                      Clerk of the Board

Washington, D.C.